No. 15-11893-AA

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

EARTHCAM, INC., a Delaware corporation,

Plaintiff/Counter
Defendant/Appellant,

v.

OXBLUE CORPORATION, a Georgia corporation,
CHANDLER MCCORMACK, Individually
JOHN PAULSON, Individually,
BRYAN MATTERN, Individually,

Defendants/Counter
Claimant/Appellees,

RICHARD P. HERMANN, II,

Defendant/Appellee

_____

On Appeal from the United States District Court
For the Northern District of Georgia
Civil Action No. 1:11-cv-02278-WSD (Duffey, J.)

_____

## APPELLANT'S CORRECTED MOTION FOR LEAVE TO FILE
## CORRECTED REPLY BRIEF

John W. Harbin                    MEUNIER CARLIN & CURFMAN LLC
Walter Hill Levie, III            999 Peachtree Street, NE, Suite 1300
Warren J. Thomas                  Atlanta, Georgia 30309
                                  Telephone: (404) 645-7700
                                  Facsimile: (404)645-7707

## **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

The following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations are known to have an interest in the outcome of this case or appeal:

- Ames, Matthew B. – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Anulewicz, Christopher Scott – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Blythe, Russell E. – Attorney for Appellant

- Bowers, Michael J. – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Carson, Carlissa – prior counsel for Appellant

- Cohen, Jeffrey R. – prior counsel for Appellant

- Dietzen, J. Louise – prior counsel for Appellant

- EarthCam, Inc. (no publicly held corporation owns 10% or more of its stock) – Appellant

- Green, Shuli L. – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Gregory, Geremy Walden – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Harbin, John W. – Attorney for Appellant

- Hermann, Richard – Appellee

- Kerkhoff , III, Louis A. – prior counsel for Appellant

- Kitron, Tal – prior counsel for Appellant

- Levie, III, Walter Hill – Attorney for Appellant

- Manship, Flora – prior counsel for Appellant

- Mattern, Bryan – Appellee

- McCormack, Chandler – Appellee

- McKinley, Candice Devonne – prior counsel for Appellant

- Morgan, Elizabeth Ann – prior counsel for Appellant

- OxBlue Corporation (on information and belief, no publicly held corporation owns 10% or more of its stock) – Appellee

- Paulson, John – Appellee

- Thomas, Warren J. – Attorney for Appellant

- Ware, Keri Patterson– trial court counsel for Appellee Richard Hermann

- Ware, Mary Kimmey – prior counsel for Appellant

- William S. Duffey, Jr., Judge, United States District Court – Trial Court Judge

- Wilson, Robert Earl – trial court counsel for Appellee Richard Hermann

Appellant EarthCam, Inc. ("EarthCam") hereby moves this Court pursuant to Fed. R. App. P. 26(b) to allow it to file a Corrected Reply Brief and to do so after the deadline for filing the Reply Brief. The Corrected Reply Brief includes one section of argument that Appellant fully drafted but inadvertently omitted from the final version of the Reply Brief filed on April 1, 2016. Also the reply brief has been revised to shorten other sections to comply with the Court's type-volume limitations in view of the proposed addition of the inadvertently omitted section. Those are the only changes between EarthCam's Reply Brief filed on April 1 and the proposed Corrected Reply Brief. [1]

Appellant files this Corrected Motion for Leave to File the Corrected Reply Brief to attach the proposed Corrected Reply Brief hereto as Exhibit "A."

Appellant contacted counsel for all Appellees, in accordance with 11th Cir. R. 26-1, and Appellees have no objection to Appellant's motion for leave to file the Corrected Reply Brief.

**Background**

In response to EarthCam's Appeal Brief, the Brief of Appellee OxBlue Corporation argued, *inter alia*, that the district court's judgment should be affirmed

---

[1] Also, in going through the Reply Brief to shorten it, EarthCam caught and corrected (a) a few typographical errors and (b) some instances where the citation to page numbers of briefs was done differently than elsewhere (by page number of the .pdf copy rather than the page number of the brief.).

on a ground not addressed by the district court's summary judgment order—namely, that Appellant sought unrecoverable damages. *See* Mar. 1, 2016, Brief of Appellees OxBlue Corp., et al., at 23–27. Appellant had not, of course, addressed this argument in its opening brief, so Appellant wrote a section of its Reply Brief responding to Appellee's new argument. The argument section was stored in a separate word processing document while compiling and revising the various sections of the Reply Brief. During final assembly of the Reply Brief on April 1, 2016, the fully-drafted section was inadvertently omitted from the Reply Brief filed that day.

In preparing its Supplemental Appendix, which was needed to provide record excerpts relevant to Appellant's response to OxBlue's argument about Appellant's damages theory, Appellant discovered that the section had not been integrated into the initial Reply Brief. Appellant promptly notified Appellees of the omission, and as noted they responded that they would not oppose Appellant's request to file a Corrected Reply Brief.

### Analysis

Under Rule 26(b) this Court may allow the performing of any act (other than the filing of a notice of appeal), including after the time prescribed for doing so, for good cause. Fed. R. App. P. 26(b); *cf. Harris v. Leder*, 519 F. App'x 590, 597 n.8

(11th Cir. 2013) (applying the standard of Fed. R. App. P. 26(b) to a pro se appellant's late reply brief, which the court construed as a motion to file the brief out of time).

Good cause exists here to allow amendment of Appellant's Reply Brief. The amendment corrects an inadvertent mistake, and allowing the filing of the Corrected Reply Brief will facilitate a consideration of all of the issues on the merits. No prejudice to Appellees or the Court will result from the Court allowing the filing this Corrected Reply Brief out of time.  First, Appellant's Corrected Reply Brief is being submitted only four business days after the initial Reply Brief and *before* the due date for submitting Appellant's Supplemental Appendix. See 11th Circuit Instructions for Preparing an Appendix, http://www.ca11.uscourts.gov /sites/default/files/courtdocs/clk/FilingAppendixInstructionsJUN15.pdf.

Given Appellant's edits to other sections, the Corrected Reply Brief still complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). Moreover, consideration of the merits of Appellant's arguments on the damages issue is appropriate since the argument as to Appellant's damages claim was first raised in Appellee OxBlue's Brief.

Accordingly, Appellant asks the Court to permit filing the Corrected Reply Brief attached hereto as Exhibit "A" to include the previously drafted, but omitted,

section of its Reply Brief.

Respectfully submitted this 21st day of April, 2016.

/s/ John W. Harbin
John W. Harbin
Georgia Bar No. 324130
*jharbin@mcciplaw.com*
Walter Hill Levie, III
Georgia Bar No. 415569
*tlevie@mcciplaw.com*
Warren J. Thomas
Georgia Bar No. 164714
*wthomas@mcciplaw.com*
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree St., NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

*Counsel for Appellant EarthCam, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 21st day of April, 2016, I have electronically filed the foregoing Corrected Motion For Leave to File Corrected Reply Brief with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Michael J. Bowers (mbowers@balch.com)
Christopher S. Anulewicz (canulewicz@balch.com)
Matthew B. Ames (mames@balch.com)
Geremy Gregory (ggregory@balch.com)
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308

Shuli L. Green (shuligreen@yahoo.com)
215 14th St., N.W.
Atlanta, GA 30318

Keri D. Ware (kware@wmdlegal.com)
WILSON, MORTON & DOWNS, LLC
125 Clairemont Avenue
Two Decatur Town Center, Suite 420
Decatur, GA 30030

/s/ John W. Harbin
John W. Harbin

# EXHIBIT A

No. 15-11893-AA

―――――――――――――

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

―――――――――――――

EARTHCAM, INC., a Delaware corporation,

Plaintiff/Counter
Defendant/Appellant,

v.

OXBLUE CORPORATION, a Georgia corporation,
CHANDLER MCCORMACK, Individually
JOHN PAULSON, Individually,
BRYAN MATTERN, Individually,

Defendants/Counter
Claimant/Appellees,

RICHARD P. HERMANN, II,

Defendant/Appellee

_____

On Appeal from the United States District Court
For the Northern District of Georgia
Civil Action No. 1:11-cv-02278-WSD (Duffey, J.)

―――――――――――――

## CORRECTED REPLY BRIEF OF APPELLANT EARTHCAM, INC.

John W. Harbin
Walter Hill Levie, III
Warren J. Thomas

MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404)645-7707

**EXHIBIT A**

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................i

TABLE OF CITATIONS ........................................................................iii

ARGUMENT ........................................................................................1

   I.   THE DISTRICT COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON
   ISSUES NOT BEFORE THE COURT AND WITHOUT PROVIDING NOTICE AND AN
   OPPORTUNITY FOR EARTHCAM TO RESPOND ........................................1

      A.   The District Court Improperly Granted Summary Judgment as to
      Whether the OxBlue 3019 Data Contains EarthCam's Trade Secrets ..............2

         1.   OxBlue failed to properly raise the issue of whether OxBlue 3019
         is a trade secret on summary judgment..........................................2

         2.   Hermann also failed to properly raise on summary judgment the
         issue of whether the OxBlue 3019 data is a trade secret ...............5

         3.   OxBlue's Arguments Misconstrue the Burdens of the Parties and
         the Trial Court As To Summary Judgment Motions ....................6

      B.   The District Court Erred in Determining *Sua Sponte* That The
      Information OxBlue Obtained in The Brute Force Attack Lacked Economic
      Value ........................................................................................7

   II.   EARTHCAM PROPERLY PLED A CLAIM FOR INJUNCTIVE RELIEF .................11

   III.   THE DISTRICT COURT ERRED IN DISMISSING EARTHCAM'S CFAA CLAIM ..12

      A.   The Standard for Civil Liability Under the CFAA ..................................12

      B.   OxBlue Accessed EarthCam's Computer System Without Authorization
      or in Excess of Authorization ........................................................14

      C.   EarthCam Presented Sufficient Evidence of Loss Under the CFAA to
      Withstand Summary Judgment ......................................................17

   IV.   THE RECORD BELOW PRESENTS AT LEAST A QUESTION OF FACT AS TO
   THE DAMAGES EARTHCAM SEEKS TO RECOVER FOR DEFENDANTS'
   MISAPPROPRIATION................................................................................20

V.   THE TRIAL COURT'S REFUSAL TO RE-OPEN FORENSIC DISCOVERY SHOULD
BE REVERSED ..........................................................................................24

    A.   The District Court Made a Clear Error of Judgment ...............................24

    B.   OxBlue Cites Inapposite Cases ................................................................27

    C.   The Refusal to Reopen Forensic Discovery has Caused EarthCam
Substantial Harm. ...................................................................................27

CONCLUSION ........................................................................................................29

CERTIFICATE OF COMPLIANCE .......................................................................31

CERTIFICATE OF SERVICE ...............................................................................32

# TABLE OF CITATIONS

CASES ...................................................................................................... Page(s)

*Ameriwood Industries, Inc. v. Liberman*
No. 4:06-CV-524-DJS, 2006 WL 3825291 (E.D.Mo. Dec. 27, 2006) ........... 28, 29

*Artistic Entertainment, Inc. v. City of Warner Robins*
331 F.3d 1196 (11th Cir. 2003) ................................................................ 3, 4, 5, 6

*Ashmore v. Secretary, Dept. of Transportation*
593 Fed. Appx. 683 (11th Cir. 2013) .................................................................. 27

*AssociationVoice, Inc. v. AtHomeNet, Inc.*
 No. 1:10-cv-00109-CMA-MEH, 2011 WL 63508 (D. Colo. Jan. 6, 2011) ........ 19

*A.V. ex rel. Vanderhye v. iParadigms, LLC*
 562 F.3d 630, 646 (4th Cir. 2009) ..................................................................... 17

*Avnet, Inc. v. Wyle Labs., Inc.*
 437 S.E.2d 302 (Ga. 1993) .................................................................................. 9

*Brocade Communications Systems, Inc. v. A10 Networks, Inc.*
No. 10-CV-03428-LHK, 2012 WL 70428 (N.D. Cal. Jan. 9. 2012) ................... 29

*Chadwick v. Bank of Am., N.A.*,
616 F. App'x 944 (11th Cir. 2015) ..................................................................... 21

*Electro-Miniatures Corp. v. Wendon Co., Inc.*
771 F.2d 23 (2d Cir. 1985) ................................................................................. 23

*Fitzgerald v. City of Atlanta*
2 F.3d 1112, 1116 (11th Cir. 1993) ..................................................................... 6

*Global Policy Partners, LLC v. Yessin*
686 F. Supp. 2d 642, 652 (E.D. Va. 2010) ................................................... 19, 20

*Hopkins v. JP Morgan Chase Bank*, NA
618 Fed. Appx. 959 (11th Cir. 2015) .................................................................. 27

*Iraola & CIA, S.A. v. Kimberly-Clark Corp.*
325 F.3d 1274 (11th Cir. 2003) .......................................................................... 27

*Massey v. Congress Life Ins. Co.*
116 F.3d 1414, 1417 (11th Cir. 1997) ............................................................ 5, 10

*Oracle Am., Inc. v. Serv. Key, LLC*
No. 4:12-cv-00790-SBA, 2012 WL 6019580 (N.D. Cal. Dec. 3, 2012) .............. 13

*Paramount Tax & Accounting, LLC v. H&R Block E. Enters., Inc*
683 S.E.2d 141, 148 (Ga. Ct. App. 2009) ......................................................... 9

*Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*
318 F.3d 1284 (11th Cir. 2003) ...................................................................... 5

*Rowell v. Metropolitan Life Ins. Co.*
597 Fed. Appx. 805 (11th Cir. 2015) .............................................................. 27

*Salsbury Labs., Inc. v. Merieux Labs., Inc.*,
908 F.2d 706 (11th Cir. 1990)) ...................................................................... 21, 22

*United States v. Nosal*
676 F.3d 854 (9th Cir. 2012) (en banc) .......................................................... 14

*United States v. Rodriguez*
628 F.3d 1258, 1264 (11th Cir. 2010) ........................................................... 13, 15

*Univ. Computing Co. v. Lykes-Youngstown Corp.*
504 F.2d 518 (5th Cir. 1974) ......................................................................... 22, 23


OTHER AUTHORITIES

Fed. R. Civ. P. 26(e)(1)(A) ............................................................................ 21

Fed. R. Civ. P. 37(c)(1) ................................................................................. 21

Fed. R. Civ. P. 56(c)(1) ................................................................................. 1, 7

Fed. R. Civ. P. 56(c)(1)(A) ............................................................................ 18

Fed. R. Civ. P. 56(f) ..................................................................................... 1, 7

Fed. R. Civ. P. 56(f)(2) ................................................................................. 7

O.C.G.A. § 10-1-761 ..................................................................................... 11

O.C.G.A. § 10-1-761(2) ..................................................................... 11

O.C.G.A. § 10-1-761(4) ....................................................................... 9

O.C.G.A. 10-1-762 ............................................................................ 12

18 U.S.C. § 1030(a)(2) ................................................................ 13, 15

18 U.S.C. § 1030(a)(4) ..................................................................... 13

18 U.S.C. § 1030(a)(2)(C) ................................................................ 13

18 U.S.C. § 1030(e)(11) ................................................................... 17

# ARGUMENT

## I. The District Court Improperly Granted Summary Judgment On Issues Not Before the Court and Without Providing Notice and an Opportunity for EarthCam to Respond

Contrary to the Appellees' arguments, the district court ruled *sua sponte* on issues not properly raised by them with regard to EarthCam's trade secret claims. A party cannot be expected to present every possible argument from every possible angle in responding to a motion for summary judgmentt, in anticipation that the district court *may* address those issues. The movant on summary judgment has specific burdens to present an issue for summary adjudication. Fed. R. Civ. P. 56(c)(1). And the district court may grant summary judgment on an issue not raised by a party only after "giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f).

OxBlue Corporation's ("OxBlue's") summary judgment briefing addressed the OxBlue 3019 data and its March 2006 Brute Force attack. Dkt#228-1 at 6–13. However, OxBlue made discrete arguments as to each claim, and EarthCam responded to OxBlue's specific arguments, *see* Dkt#255 at 1–13. Likewise, Hermann made specific arguments on specific issues. *See* Dkt#230-2 at 7–12. The district court's ruling went outside those issues.

## A. The District Court Improperly Granted Summary Judgment as to Whether the OxBlue 3019 Data Contains EarthCam's Trade Secrets

OxBlue argued that it did not use the 3019 data, and EarthCam responded.

Hermann's argument focused on the date he transferred the 3019 data to OxBlue;

again EarthCam responded. Neither presented a proper summary judgment

argument that the OxBlue 3019 data does not constitute a trade secret.

### 1. OxBlue failed to properly raise the issue of whether OxBlue 3019 is a trade secret on summary judgment

Simply put, OxBlue did not properly raise the issue as to whether the

information in OxBlue 3019 constituted a trade secret; OxBlue addressed its

claimed non-use of that information. Dkt#228-1 at 12–13. Understanding OxBlue

3019's status as a trade secret to be a non-issue, EarthCam did not address that in

response. *See* Dkt#255.

OxBlue's argument—and the relevant rulings by the district court—would

require EarthCam to brief the trade secret issues as if *EarthCam* were moving for

summary judgment on its case-in-chief, when it wasn't. OxBlue clearly confuses

the what EarthCam would have to prove to obtain summary judgment in its favor

with what EarthCam has to do to respond to the specific issues raised by the

defendants in moving for summary judgment, stating: "OxBlue . . . gave notice

that, to recover on its trade secrets claim, EarthCam needed to prove: (1) the

existence of a trade secret; and (2) misappropriation." OB Br. at 13. But

EarthCam's burden to respond to OxBlue's motion was *not* to show that EarthCam would ultimately succeed on its trade secrets claim at trial.

OxBlue relies heavily on *Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196 (11th Cir. 2003),[1] to blur the fact that it did not properly raise the trade secret status of the OxBlue 3019 data. OB Br. at 20–21. In *Artistic*, the appellant adult entertainment business challenged the appellee city's licensing ordinances as unconstitutional. *Artistic*, 331 F.3d at 1199–20. After one ordinance was determined to be an unconstitutional prior restraint, the city passed an amended ordinance. *Id.* at 1200.

The city moved for summary judgment, arguing that the amended ordinance cured the prior restraint problem. *Id.* The business asked to amend the complaint and reopen discovery. *Id.* In its motion to amend, the business fully briefed the new claims. *Id.* at 1202. The district court granted the business's motion to amend, but also granted the city's summary judgment motion, including the new claims raised in the amended complaint, finding the amended ordinance to be constitutional. *Id.* at 1200–01.

---

[1] In its Brief, OxBlue mistakenly cites to this particular case as "*Artistic Entertainment, Inc. v. **Dewberry***," and thereafter refers to this case by the short cite "Dewberry." *See*, *e.g.*, OB Br. at 20. Although addressing the same case, EarthCam refers to the case by the correct short cite.

On appeal, the business argued that the district court granted summary judgment *sua sponte* without notice or an opportunity to come forward with evidence. *Id.* at 1201. This Court noted that the appellant business had fully briefed the new claims. In fact, business "*invited* the district court to consider the summary judgment facts and legal argument *in conjunction with its motion to supplement* [*sic*], noting 'the issues raised and argued in the motions overlap to a large degree.'" *Id.* at 1200 (emphasis added). This Court emphasized the distinction "between *sua sponte* grants of summary judgment in cases involving *purely legal questions* based on complete evidentiary records, and cases involving *factual disputes* where the non-moving party has not been afforded an adequate opportunity to develop the record." *Id.* at 1201 (emphasis added). The Court found the district court's ruling proper because it pertained to the constitutionality of an ordinance—a purely legal issue. *Id.* at 1202.

Here, unlike the business in *Artistic*, EarthCam never briefed the issues on which the district court granted summary judgment *sua sponte*, and EarthCam never "invited the district court to consider" such issues. *Artistic*, 331 F.3d at 1200. EarthCam was thus never provided any notice, much less the "sufficient notice" present in *Artistic*, that the district court might rule on certain issues.

More importantly, unlike in *Artistic*, the district court's grant of summary judgment as to the 3019 data did ***not*** involve a "purely legal question[] based on

[a] complete evidentiary record[].” *Id.* at 1201 (emphasis added). “Whether

information constitutes a 'trade secret' is a question of fact.” *Penalty Kick Mgmt.*

*Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1291 (11th Cir. 2003). In cases involving

questions of fact, this Court has repeatedly held that a *sua sponte* grant of summary

judgment is improper. *See, e.g.*, *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414

(11th Cir. 1997) (reversing district court's sua sponte grant of summary judgment

to plaintiffs on breach of contract claim because it “involved a question of fact”).

The issues here present complex questions of fact. *Penalty Kick*, 318 F.3d at 1291.

As EarthCam explained in its opening brief, those questions of fact were *not* before

the district court in either party's motions for summary judgment.

2. <u>Hermann also failed to properly raise on summary judgment the</u>
   <u>issue of whether the OxBlue 3019 data is a trade secret</u>

Hermann also did not properly tee-up a summary judgment issue as to the

trade secret status of the OxBlue 3019 data. Hermann admits that his summary

judgment briefing “primarily discussed the email correspondence between

Hermann and OxBlue.” Hermann Br. at 6. In fact, Hermann presented two

arguments about the trade secret claims: (1) that “none of Hermann's emails to

OxBlue contained trade secrets,” and (2) that Hermann “did not disclose the

information contained [in] OxBlue 3019.” Dkt#230-2 at 7, 12.[2] And these are the

---

[2] Hermann admits the OxBlue 3019 data was transferred from his computer to Mr.
McCormack, but Hermann claims that was done unknowingly. Dkt#230-2 at 13.

only arguments that Hermann supported. Dkt#230-1; Dkt#230-2 at 7–13.

Hermann's claim that he put the trade secret status of OxBlue 3019 at issue is

apparently based on the fact that his brief mentioned the requirement of proving a

trade secret and misappropriation. Dkt#230-2 at 7. But that was *introducing* his

arguments that (a) the *emails* he sent did not constitute a trade secret, and (b) he

personally did not misappropriate OxBlue 3019 data. *Id*. at 7–13.

Hermann failed to meet his burden in moving for summary judgment as to

whether OxBlue 3019 contained EarthCam's trade secrets; he did not even argue

the point. *See Fitzgerald v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).

3. OxBlue's Arguments Misconstrue the Burdens of the Parties and the Trial Court As To Summary Judgment Motions

OxBlue's argument that "OxBlue challenged the legitimacy of EarthCam's

trade secret claim . . . from the very outset," OB Br. at 22, is irrelevant. Parties

often litigate multiple issues vigorously and then, like Defendants here, move for

summary judgment on only a subset of those issues.

Moreover, in claiming that it gave "fair notice" of the issues on summary

judgment, *see* OB Br. at 13, 18, OxBlue muddles (i) its initial burden to show that

there are no genuine issues of fact, and (ii) the notice a court must give before

deciding *sua sponte* to consider a potentially dispositive issue. *See Artistic*, 331

F.3d at 1196.

OxBlue cites Fed. R. Civ. P. 56(f) (OB Br. at 19), but the relevant portion, Rule 56(f)(2), concerns the notice *the court* must give before granting summary judgment on grounds not raised by a party. That rule is implicated here because of the district court's *sua sponte* rulings. But *OxBlue's* burden as the movant is governed by Rule 56(c)(1), *see* EarthCam Br. at 17–22, an issue OxBlue avoids in its brief. OxBlue's appears to believe that something like Rule 12(b)'s notice standard of pleading sets forth the burden a summary judgment movant must meet. That is incorrect.

OxBlue would require EarthCam to brief the trade secret issues as if *EarthCam* were moving for summary judgment. If the Appellees' position that a passing reference is sufficient to raise an issue for summary judgment were adopted, one could move for summary judgment with a one-line brief and no supporting evidence: "The Plaintiff has not proved its information is a trade secret." OxBlue and Hermann failed to meet their burden on summary judgment of raising an issue of whether the OxBlue 3019 data constitutes a trade secret, and the district court should not have granted summary judgment on that issue.

### B. The District Court Erred in Determining *Sua Sponte* That The Information OxBlue Obtained in The Brute Force Attack Lacked Economic Value

OxBlue argues that the district court's ruling that the information Defendant Mattern obtained in the brute force attack lacked economic value was not *sua*

*sponte*. OB Br. at 22–27. OxBlue did not identify where in its renewed summary judgment brief the economic value of the information was called into question. *See* Dkt#228-1. Instead, OxBlue argues that its "overarching argument" gave EarthCam notice that to recover on its trade secrets claim, EarthCam needed to prove the existence of a trade secret as deriving economic value from not being generally known to others. OB Br. at 23–24. Such "overarching arguments" containing general statements about the elements of trade secret claims are not sufficient to join specific issues on summary judgment.

OxBlue argued on summary judgment that the information obtained by Mattern was not a trade secret because it was "public," and did so based on the following factual contentions: (1) the data was not encrypted or password protected, and (2) EarthCam "regularly publishes its customer information . . . for marketing purposes." Dkt#228-1 at 8–10.

EarthCam's opposition to OxBlue's summary judgment motion responded to these arguments by pointing out that (1) the information was in fact protected by non-public URLs, and (2) Mattern obtained more than just the customer names, he obtained camera names, identification of the servers associated with each camera, URLs to monitor images, and the last updated time of the images. Dkt#255 at 7. EarthCam noted that this information provided a complete picture of their customer environment and the market for construction cameras, particularly in the

aggregate. *Id.* Additionally, EarthCam clarified that although a few EarthCam customers decide to make their websites public, the majority of customers' websites are not public. *Id.*

In reply, OxBlue did not dispute that the information Mattern obtained was private or that it could provide an economic benefit to EarthCam if kept secret. *See* Dkt#272 at 5–6. Instead, OxBlue argued (for the first time) that EarthCam cannot claim that it derives economic benefit from keeping this information private while permitting customers to share the information. *Id.*[3]

In its summary judgment ruling, the district court did not hold that the information was public or lacked economic value because the customers were permitted to share the information. Instead, the district court concluded *sua sponte* that it was "patently frivolous" and "doubtful" that the identified customer

---

[3] There is no express requirement that for a database containing customer information to be a trade secret, the customers themselves must be subject to confidentiality. Only efforts that are reasonable under the circumstances are required to maintain secrecy. O.C.G.A. § 10-1-761(4). Customer lists are frequently held to constitute a trade secret based on internal efforts to maintain secrecy, without any restrictions on the individual customers. *See Avnet, Inc. v. Wyle Labs., Inc.*, 437 S.E.2d 302, 303–04 (Ga. 1993) (finding customer lists containing specific information of actual clients to be trade secrets where certain <u>employees</u> were subject to agreements to keep the information secret); *Paramount Tax & Accounting, LLC v. H&R Block E. Enters., Inc.*, 683 S.E.2d 141, 148 (Ga. Ct. App. 2009) (finding a list of clients to be a trade secret where <u>employees</u> were reasonably restricted to its access).

information, such as camera names and images taken from cameras, could even potentially provide economic value to EarthCam by being secret. Dkt#292 at 31.

But OxBlue never argued that the information obtained by Mattern could not provide economic benefit to EarthCam *if secret*. The district court therefore, without notice, placed the burden on EarthCam to prove elements of its trade secret claims that Defendants had not challenged. OxBlue argues that it "identified economic value as a prerequisite to any successful trade secrets claim." OB Br. at 15. Again, OxBlue's argument misconstrues the respective burdens of the movant and respondent on summary judgment.

The court also erred in summarily dismissing EarthCam's claims that the customer information was valuable. Dkt#292 at 31. The commercial value of this information is a genuine issue of material fact adequately supported by the evidence. In holding otherwise, the district court misconstrued the scope and value of the information taken.[4] Thus the district court erred by basing its ruling on a genuine issue of material fact, i.e., the economic value of the information taken, not raised by the movants. *Massey*, 116 F.3d at 1417.

---

[4] As previously argued, the district court incorrectly analogized the information retrieved by OxBlue to Apple claiming that the iPhone was a trade secret regardless of the act that it is publicly marketed and the public is aware of the product's name. Dkt#292 at 31 n.11. Instead, this was more like Apple's chief competitor Samsung getting a list of *every* Apple customer of the iPhone, *which iPhone* the customer had, and *when* the phone was last used.

## II. EarthCam Properly Pled A Claim For Injunctive Relief

OxBlue argues a slanted, incorrect version of the facts to create a position that aligns with the district court's order on EarthCam's request for injunctive relief. In its Second Amended Complaint ("the Complaint"), EarthCam alleged that Defendants misappropriated EarthCam's trade secrets pursuant to O.C.G.A. § 10-1-761, *et seq.* Dkt#117 ¶ 62. EarthCam demanded injunctive relief and damages. *Id.* at p. 26.

OxBlue moved for summary judgment on EarthCam's damages claim. Dkt#228-1 at 13–16. EarthCam's response was, in relevant part, to point out that it also sought injunctive relief against future use or disclosure of the trade secrets by OxBlue. Dkt#255 at 14–15. OxBlue wholly failed to address EarthCam's argument in its reply brief. *See* Dkt#272. Yet the district court granted summary judgment as to EarthCam's injunctive relief claim as a "newly raised claim." Dkt#292 at 34–35.

Contrary to the district court's opinion, which OxBlue has now adopted and argued for the first time to this Court, EarthCam did not present new theories at the summary judgment stage. (OxBlue did not argue this was a new claim below. *See generally* Dkt#272.). EarthCam properly pled a claim for injunctive relief as to OxBlue's misappropriation. Dkt#117 at p. 26. EarthCam's Complaint specifically referenced O.C.G.A. § 10-1-761, *et seq.* Dkt#117 ¶ 62. O.C.G.A. § 10-1-761(2) addresses misappropriation, which includes "use," "disclosure," or "acquisition" of

a trade secret. Further, O.C.G.A. 10-1-762 provides that "[a]ctual or threatened misappropriation may be enjoined," and EarthCam's Complaint specifically requests that "OxBlue be *permanently enjoined from . . . using, disclosing, or disseminating EarthCam's trade secrets*." Dkt#117 at p. 26 (emphasis added).

OxBlue's statement that summary judgment was proper as to EarthCam's trade secrets claim "whether cast as a claim for money damages or seeking injunctive relief," OB Br. at 27, is a red herring because EarthCam's Complaint plainly pleads *both* money damages and injunctive relief. *See* Dkt#117.

Last, OxBlue argued that "[a]t no time did EarthCam 'develop and press' the issue of injunctive relief in the proceedings below." But there is no requirement that a litigant devote a certain percentage of resources, discovery tactics, or pages in briefs to particular issues.

This Court should reverse the district court's grant of summary judgment.

### III. The District Court Erred in Dismissing EarthCam's CFAA Claim

The summary judgment record presented genuine questions of material fact on EarthCam's Computer Fraud and Abuse Act (CFAA) claim such that summary judgment for OxBlue was improper.

#### A. The Standard for Civil Liability Under the CFAA

As an initial matter, OxBlue incorrectly tries to heighten the standard for finding a civil violation of the CFAA. First, OxBlue points to an inapplicable

district court case from outside this circuit, arguing that courts "generally *require* a showing of fraudulent conduct or subterfuge before finding civil liability." OB Br. at 31 (emphasis added) (citing *Oracle Am., Inc. v. Serv. Key, LLC*, No. 4:12-cv-00790-SBA, 2012 WL 6019580, at *1 (N.D. Cal. Dec. 3, 2012)). The cited portion of *Oracle* dealt with a different subsection of the CFAA—one that expressly includes a fraud element—than is at issue here. *Compare id.* at *6 (concluding Oracle's CFAA claim under 18 U.S.C. § 1030(a)(4) was subject to Rule 9(b)'s heightened pleading requirements because it "is violated only if a defendant acts 'with intent to defraud' and its conduct 'furthers the intended fraud.'"), *with* Dkt#117 ¶ 82 (alleging a violation of § 1030(a)(2)(C)), OB Br. at 30 (recognizing same). Subsection (a)(2)(C) lacks the fraudulent intent element of subsection (a)(4).

Moreover, this Circuit has already held that a defendant can violate § 1030(a)(2) even where the defendant "did not use the information to defraud anyone" because the provision "does not contain any language regarding purposes for committing the offense." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) (affirming conviction of employee who accessed information for a purpose prohibited by his employer's use policy and concluding lack of fraud was "irrelevant").

OxBlue cannot pick and choose which circuit's law to follow. It cites *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) (en banc), and the *Oracle* case from the Ninth Circuit for the proposition that fraud or subterfuge is "generally require[d]" to violate the CFAA. But in *Nosal* the Ninth Circuit recognized that *this* Court's standard is broader than the one advocated by OxBlue. *See id.* at 862. This Court has held that violation of employer policy is sufficient for an "exceeding use" claim under the CFAA. *Rodriguez*, 628 F.3d at 1264.

OxBlue attempts to distinguish *Rodriguez* by saying it has not conceded it "access[ed] things that were unauthorized," as the accused employee did *at trial* in *Rodriguez*. OB Br. at 36. But that does not change the fact that *Rodriguez* sets a broader standard for violation of the CFAA than OxBlue proposes. Moreover, in the posture of summary judgment, only a genuine *dispute* as to whether the access was unauthorized or exceeded authorized access is sufficient to reverse.

## B. OxBlue Accessed EarthCam's Computer System Without Authorization or in Excess of Authorization

Applying the correct standard, the district court's grant of summary judgment was improper. There is sufficient evidence for a jury to find OxBlue accessed EarthCam's systems without authorization or exceeded any authorized access when accessing them.

In another error, OxBlue repeatedly focuses on the wrong *subject* of the unlawful access. For example, it variously states that Mr. Foley provided his login

14

credential "so OxBlue could access Foley's *FCR account*," that "[t]he information OxBlue accessed consisted of photographs and videos belonging to FCR," and that a defendant should not be liable when it has "authority to access the plaintiff's computerized *information*." OB Br. at 32, 33, 35 (emphasis added). But the CFAA prohibits intentional access of a computer without authorization or in excess of authorization when the defendant "thereby obtains . . . information from [the] protected computer." It matters not whether the obtained information "belong[s] to" the defendant or someone who wants the defendant to have it. We instead ask whether the defendant had authorization to access *the system* or exceeded its authorized access to *the system*. *See Rodriguez*, 628 F.3d at 1264.[5]

Next, OxBlue contends that this Court should "disregard" the undisputed fact that OxBlue knew EarthCam had tried to block OxBlue's access to the system.[6] This fact is relevant to the argument EarthCam made below that OxBlue's access was not authorized or exceeded any authorized access in view of the undisputed facts in the summary judgment record before the district court. *See* Dkt#255 at 21–22. OxBlue's knowing evasion of EarthCam's technical measures

---

[5] Suppose John Doe wanted to access his personal tax records within the IRS computer systems. Arguably his tax record information "belongs to" him, but he may not intentionally access the IRS computers without authorization or in excess of authorization. § 1030(a)(2).

[6] OxBlue presented these facts to the district court with in its motion for summary judgment. *See* Dkt#228-11 ¶¶ 7–8; Dkt#274 ¶ 15.

to prevent OxBlue's access, at minimum, presents a jury question as to whether this conduct violates the CFAA.

Even if evading EarthCam's blocking alone does not defeat summary judgment, that fact further shows why OxBlue exceeded any authorized access that may have been imputed by Mr. Foley, and shows why OxBlue violated the terms of EarthCam's End User License Agreement (EULA). EarthCam concedes that there is no direct evidence OxBlue accepted EarthCam's EULA on the dates of the intrusion in question: May 20 and 21, 2011. But OxBlue again focuses too narrowly on those exact dates. It is not necessary for OxBlue to be presented with the EULA every single time to be bound by it, just as an Apple iPhone user isn't required to accept Apple's EULA every time she logs in to Apple's software to be bound. It only takes once. Here, there is at minimum sufficient evidence to show that OxBlue accepted the terms of the EULA multiple times, including a week before the intrusion that is the subject of this litigation.[7] Under all the facts of record, including OxBlue's acceptance of the EULA and persistent pattern of access despite knowing EarthCam was trying to prevent such access, the district court erred by holding that OxBlue's access to EarthCam's system was "authorized."

---

[7] OxBlue argues that Bill Sharp testified OxBlue did not accept EarthCam's EULA—implying he testified OxBlue *never* did. OB Br. at 8 n.6. That argument mischaracterizes Mr. Sharp's testimony, see EarthCam Br. at 28, 29.

### C. EarthCam Presented Sufficient Evidence of Loss Under the CFAA to Withstand Summary Judgment

EarthCam presented evidence of the costs incurred to investigate and assess the OxBlue intrusion at the summary judgment stage below. Yet OxBlue argues that EarthCam "failed to substantiate" a recoverable "loss" under the CFAA. OxBlue argues that a "claimed 'loss' must be tied to a service interruption or the alleged intrusion," but it then attempts to focus the Court's attention on service impairment or damage. OB Br. at 38 (describing cited cases only with reference to lost revenue based on damage or impairment of the system). OxBlue's argument ignores (as it did in the same argument before the district court) the much broader definition of loss in the CFAA:

> [T]he term "loss" means any reasonable cost to any victim, *including* the *cost of responding to an offense*, *conducting a damage assessment*, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service . . . .

18 U.S.C. § 1030(e)(11) (emphasis added). "This broadly worded provision plainly contemplates . . . costs incurred as part of the response to a CFAA violation, including the investigation of an offense." *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630, 646 (4th Cir. 2009).

OxBlue's narrow focus on whether service was interrupted or data was impaired leads to an under-inclusive framing of the hours EarthCam required to

assess the intrusion. OxBlue cites a passage of Mr. Sharp's testimony about "whether service was interrupted." OB Br. at 39 (arguing that "a few hours perhaps" were spent "investigating whether data had been deleted or destroyed"). But EarthCam's response required more than investigating whether data was deleted, and its claimed loss is accordingly broader. As Mr. Sharp testified, EarthCam also had to "compil[e] the logs and information and reconstruct[] the timeline . . . to produce [a] report," Dkt#165-1 at 188:7–25, document "regular visits to the site, how many times they hit the site," and check "events that triggered the rate limits," *id.* at 191:3–16. OxBlue's excerpt of Mr. Sharp's testimony ignores these and other prerequisite tasks to even get to the point of determining whether actual damage occurred.

OxBlue next incorrectly argues, as it did below, that EarthCam failed to present any evidence of its loss. OB Br. at 38; Dkt#272 at 1. In response to OxBlue's summary judgment motion, EarthCam cited to its interrogatory answer identifying employees, their rates, and the amount of time they spent to respond to the intrusion. Dkt#255-1 ¶ 97 (citing Exhibit 50, Dkt#255-15). EarthCam's verified interrogatory response constitutes evidence to support its factual position. Fed. R. Civ. P. 56(c)(1)(A).

OxBlue apparently believes this evidence is not enough, contending that EarthCam must also come forward with evidence of "(a) timesheets, (b) specific

damage assessment tasks, or (c) dates upon which the damage assessment tasks occurred." OB Br. at 38. OxBlue cites no authority to support this argument, and at least one court has concluded otherwise. *See AssociationVoice, Inc. v. AtHomeNet, Inc.*, No. 1:10-cv-00109-CMA-MEH, 2011 WL 63508, at *8 (D. Colo. Jan. 6, 2011) (rejecting defendant's argument that plaintiff's evidence should have included a "detailed description of the work each employee did and on which day").

The record is sufficient to present a question of fact on the amount of loss. EarthCam's interrogatory response itself shows a reasonable, and reasonably precise, estimate of the time spent "assessing the damage from OxBlue's intrusion." Dkt#255-15. As Mr. Sharp testified, this estimate was reasonable because it was only based on the time spent "in the immediate two weeks following the event." Dkt#255-19 at 187:15–20. Mr. Sharp also described how he directed Messrs. Brossa and Navas to perform the assessment analysis, and OxBlue's counsel even asked him specifically about the tasks he asked Brossa and Navas to do. *Id.* at 186:7–18. EarthCam therefore presents facts corroborated by testimony and documentation supporting the reasonable analysis it conducted because of OxBlue's intrusion. *Cf. Global Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 642, 652 (E.D. Va. 2010) (concluding no triable issue of fact where consultant who performed the assessment gave only "vague, conclusory

testimony" that was contradicted by another witness and an invoice, and her description of the tasks was "so vague that no reasonable jury could conclude that the expended time was reasonably necessary").

### IV. The Record Below Presents at Least a Question of Fact as to the Damages EarthCam Seeks to Recover for Defendants' Misappropriation

OxBlue argues that the district court's grant of summary judgment should be affirmed because EarthCam seeks unrecoverable damages—a complex issue the district court has not yet addressed. OxBlue's argument is incorrect, for several reasons.

As a threshold matter, OxBlue has shown above that the district court erred by dismissing EarthCam's claim of wrongful appropriation of the trade secrets and for injunctive relief, because these claims and this relief were plainly pled in the Complaint. If this Court agrees, it need not reach the damages issue; the case should be remanded to the district court.

Second, OxBlue's confusion as to EarthCam's damages theory—wondering "the extent [that the value of the trade secrets] remains EarthCam's theory"—is a red herring. OB Br. 24; *see also* Dkt#228-1 at 15 (same). As EarthCam expressly argued below, EarthCam claims the value that OxBlue was unjustly enriched under the (common) "standard of comparison" methodology. Dkt#255 at 14 (citing

*Salsbury Labs., Inc. v. Merieux Labs., Inc.*, 908 F.2d 706, 714 (11th Cir. 1990));
Dkt#246 at 8 ("OxBlue has long been on notice of EarthCam's standard of
comparison damages theory.").

Third, OxBlue vaguely alludes to Fed. R. Civ. P. 37(c)(1)'s sanction for a
party's failure to supplement its initial disclosures. *See* OB Br. 24 & n.12; *see also*
Dkt#228-1 at 14 & n.17; Dkt#272 at 9–10. Besides the fact that such issues are for
the district court, Rule 26 only requires supplementation "if the additional or
corrective information *has not otherwise been made known* to the other parties
during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (emphasis
added); *cf. Chadwick v. Bank of Am., N.A.*, 616 F. App'x 944, 948 (11th Cir. 2015)
(affirming district court's consideration of witness's affidavit where plaintiff had
notice). Here, OxBlue had ample notice because, pursuant to Rule 26(a), EarthCam
served Mr. Gallagher's initial damages report over ten months before OxBlue's
summary judgment motion, and it served the supplemental expert report over three
months before OxBlue's motion. *See* Dkt##227-1 at 1 (noting Mr. Gallagher's
reports were served in November 2012 and June 2013, respectively).[8] EarthCam's
evidence supporting the unjust enrichment theory was properly before the district
court.

---

[8] OxBlue also deposed Mr. Gallagher regarding his reports and theories. *See*
Dkt#227-1 at 1.

And EarthCam's unjust enrichment theory is a valid measure of damages. The "standard of comparison" model does not seek the total value of the trade secret; rather, the value of recovery is the difference between the investment made by the trade secret's developer (EarthCam) and the misappropriator (OxBlue). *See Salsbury*, 908 F.2d at 714. Contrary to OxBlue's argument, this model can be applied even where the trade secret still has value to the plaintiff. *Id.* (affirming damages award based on defendant's savings in research, development, and marketing with no finding that the trade secret had been destroyed) (citing *Univ. Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 536 (5th Cir. 1974) (damages for misappropriation of trade secrets are measured by the value of the secret to the defendant "where the secret has not been destroyed and where the plaintiff is unable to prove specific injury")).

OxBlue's remaining criticisms of the evidence are misplaced or go to the weight afforded to the evidence. Rather than being "speculative and unreliable," OB Br. 25, EarthCam's evidence is at least sufficient to present a triable issue of fact as to the amount of recovery, as fully explained in EarthCam's Responses to OxBlue's Motions to Strike the Expert Report of Mark Gallagher. *See* Dkt#246 at 5–7 (highlighting many of the "broad range of information" produced in support of the theory and Mr. Gallagher's reliance on them, including payroll data production, noting the identification of Mr. Munkittrick as a possible witness, and Mr.

Gallagher's adjustments to the R&D estimates); Dkt#243 at 9–10 (identifying the same information as well as P&L statements and a list of employees included in R&D salary estimates). As EarthCam noted to the district court, this information was produced and available to OxBlue. *See* Dkt#255 at 15 n.7.

OxBlue quibbles that EarthCam did not produce an Excel spreadsheet that the expert, Mr. Gallagher, did not review. Dkt#243 at 6. But Mr. Gallagher did not *rely* on that spreadsheet for his damages calculations, and EarthCam *has* produced the information Mr. Gallagher *does* rely on and about which OxBlue could have sought additional discovery. See, Dkt#243 at 9–10.

Accordingly, Mr. Gallagher's estimates were not "guesswork" as OxBlue contends, OB Br. 26, but are instead based on sufficient and relevant facts to give EarthCam the opportunity to recover. *See Lykes-Youngstown*, 504 F.2d at 539 ("Where the damages are uncertain, however, we do not feel that that uncertainty should preclude recovery; the plaintiff should be afforded every opportunity to prove damages once the misappropriation is shown"); *Electro-Miniatures Corp. v. Wendon Co., Inc.*, 771 F.2d 23, 29 (2d Cir. 1985) (the plaintiff in a trade secret case was "not obligated to offer a mathematically precise measurement of those damages").

At most, OxBlue's criticisms raise questions of fact or weight that should be resolved at trial.

## V. The Trial Court's Refusal to Re-open Forensic Discovery Should Be Reversed

While OxBlue devotes pages of its brief to discussing general principles of discovery, it shies away from addressing the evidence about the forensic discovery in this case, specifically the lapses and irregularities in the conduct of OxBlue and its expert, Mr. deCraen. Because the forensic evidence goes to the heart of the case, and the problems were not revealed until the end of discovery (likely still not fully known), the district court made a clear error of judgment in denying EarthCam's request to re-open forensic discovery. This error caused substantial harm to EarthCam.

### A. The District Court Made a Clear Error of Judgment

EarthCam has shown numerous actual or likely failures by OxBlue to comply not only with the negotiated Forensic Protocol but also with its discovery obligations. As one example, ███████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████ ████████████████████ OxBlue relegates its response to these serious, well-substantiated charges to *a single footnote*. OB Br. at 43 n.26.

While OxBlue claims that it "voluntarily agreed to produce two computers identified by the court-appointed neutral, Greg Freemyer, for forensic review," OB

Br. at 41, in fact OxBlue initially sought to prohibit forensic analysis. *See,* Dkt#33 at 3-6. When that failed, OxBlue fought the scope of forensic discovery, and the district court limited Mr. Freemyer's initial review severely. His initial review of internet browsing history, cache files, and downloaded files was limited to just *two days*, May 20 and 21, 2011. Dkt#37 at 3. Thus, OxBlue's claim that Mr. Freemyer knew in 2012 of all the problems EarthCam has cited (dating back to 2006) (OB Br. at 43 n.26) is unsupported and incorrect.

When EarthCam later moved to expand the expert's allowed scope, OxBlue opposed the motion. Dkt#103 at 3, 4. The district court expanded the allowed scope, but only a bit to encompass certain emails. Dkt#103 at 10, 11. In short, OxBlue's claim that "[t]he District Court gave EarthCam every opportunity to conduct discovery," OB Br. at 43, is demonstrably wrong. From the start, the district court took a restrictive view, treating the forensic review as if it were a standard dispute about the scope of non-critical e-discovery. While the court later relaxed the restrictions somewhat, the allowed scope never approached the fulsome forensic discovery commonly allowed in trade secret cases. *See* Earthcam Br. at 44.

OxBlue's statement that "OxBlue properly produced all information pursuant to the Protocol in May 2013" is flat wrong. *See* OB Br. at 42. Instead, without telling EarthCam, OxBlue cherry-picked the content and altered the

previously-agreed format of its production, leaving EarthCam to decipher what happened. As detailed in EarthCam's Brief (pp. 38-44) *and unrebutted by OxBlue*, the departures from the Protocol included the following:



---

[10] A HASH value is a mathematical calculation based on a file's contents. HASHing assures all parties are working from identical files or imaged hard drives. Dkt#237-8 at 12.

## B. OxBlue Cites Inapposite Cases

The cases OxBlue cited are inapposite because none of them involve the serious discovery failures and abuses that took place here. *Rowell v. Metropolitan Life Ins. Co.*, 597 F. App'x 805, 807 (11th Cir. 2015) concerned the denial of a request by a plaintiff to reopen discovery where he argued that additional discovery would prove his lack of work chances, but the trial court granted summary judgment on the fact that he had not been subjected to an adverse employment action. In *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1279, 1286–87 (11th Cir. 2003), there is no indication of what the desired discovery was for, much less that important evidence had been withheld, altered, or destroyed. Similarly, in *Ashmore v. Secretary, Dept. of Transportation*, 593 F. App'x 683 (11th Cir. 2013), there was no evidence of material information having been withheld, altered, or destroyed.[12]

## C. The Refusal to Reopen Forensic Discovery has Caused EarthCam Substantial Harm.

Courts repeatedly recognize that forensic inspection of computers is justified where electronic information on the hard drives is relevant to a plaintiff's claim of trade secret misappropriation. *Ameriwood Industries, Inc. v. Liberman*, No. 4:06-

---

[12] The same is true of *Hopkins v. JP Morgan Chase Bank, NA*, 618 F. App'x 959 (11th Cir. 2015).

CV-524-DJS, 2006 WL 3825291, at *1 (E.D. Mo. Dec. 27, 2006), *amended by* 2007 WL 685623 (E.D. Mo. Feb. 23, 2007). The production of information is necessary to show not only that the information is in the defendants' possession, but also the extent of the defendants' use of the information. *Id.* at *4-5. The district court treated forensic discovery very differently here.

The resulting harm is particularly severe here because the forensic discovery goes to the heart of the case. OxBlue conducted the brute force attack from computers; the OxBlue 3019 data was transferred from Hermann's computer to McCormack's computer and shared internally at OxBlue electronically (Dkt#255-27 at 65); and the May 2011 incursions were via computer.

It is bold of OxBlue to argue there is no evidence the result would be different (OB Br. at 46) when it has denied using the information (moving for summary judgment on that ground), and the forensic evidence will help show whether and to what extent the information was used. *Ameriwood Industries*, 2006 WL 3825291, at *3.[13] *See also*, *Brocade Communications Systems, Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, 2012 WL 70428, at * 3 (N.D. Cal. Jan. 9. 2012) (holding forensic imaging and analysis was needed to test the defendant's

---

[13] OxBlue cites the district court's opinion that the additional discovery would be futile (OB Br. at 46), but again the district court's finding was infected with errors addressed elsewhere in the appeal, putting the burden on EarthCam to prove all elements of its trade secret claims.

claims about whether the information had been accessed during product development.)

Moreover, EarthCam has already shown that the summary judgment order should be reversed. And even with the limits on forensic examination imposed by the district court and the actions of OxBlue and its expert, EarthCam has shown ████████████████████████████████████████████████ But the scope and times of the use are not fully known. That question goes to OxBlue's liability, the value of the information, and potentially the question of injunctive relief.

OxBlue's complaint about increased costs rings hollow: OxBlue possesses the information; and OxBlue and its expert departed from standard forensic practices, the Protocol, and their discovery obligations. And, largely because of the extent of those departures, it took EarthCam until the conclusion of expert discovery to understand what happened.

The district court's order denying the motion to reopen forensic discovery should be reversed.

## CONCLUSION

This Court should reverse four aspects of the district court's summary judgment ruling. First, this Court should reverse the grant of summary judgment as to EarthCam's trade secret claims. Second, this Court should reverse the ruling

dismissing EarthCam's claims for injunctive relief. Third, this Court should reverse the grant of summary judgment as to EarthCam's CFAA claims. Fourth, this Court should reverse the grant of summary judgment to Defendant Richard Hermann as to his post-release conduct. Additionally, this Court should reverse the district court's denial of EarthCam's motion to reopen forensic discovery and remand the case for further proceedings.

Dated: April 7, 2016

/s/ John W. Harbin
John W. Harbin (Georgia Bar No. 324130)
jharbin@mcciplaw.com
Walter Hill Levie, III (Georgia Bar No. 415569)
tlevie@mcciplaw.com
Warren J. Thomas (Georgia Bar No. 164714)
wthomas@mcciplaw.com
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, N.E., Suite 1300
Atlanta, Georgia 30309
Tel: (404) 645-7700
Fax: (404) 645-7707

*Attorneys for Appellant*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains **6,964** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), as counted by Microsoft Word 2013, the word processing software used to prepare this brief.

This brief complies with the typface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proporationally spaced typeface using Microsoft Word 2013 in Times New Roman 14-point font.

Date: April 7, 2016                     /s/ John W. Harbin
                                        John W. Harbin
                                        ***Attorney for Appellants***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 7th day of April 2016, I have

electronically filed the foregoing CORRECTED REPLY BRIEF OF APPELLANT

EARTHCAM, INC. with the Clerk of Court for the United States Court of Appeals

for the Eleventh Circuit using the CM/ECF system, which will automatically send

e-mail notification of such filing to the following attorneys of record:

> Michael J. Bowers (mbowers@balch.com)
> Christopher S. Anulewicz (canulewicz@balch.com)
> Matthew B. Ames (mames@balch.com)
> Geremy Gregory (ggregory@balch.com)
> BALCH & BINGHAM LLP
> 30 Ivan Allen Jr. Blvd. N.W., Suite 700
> Atlanta, GA 30308
>
> Shuli L. Green (shuligreen@yahoo.com)
> 215 14th St., N.W.
> Atlanta, GA 30318
>
> Keri D. Ware (kware@wmdlegal.com)
> WILSON, MORTON & DOWNS, LLC
> 125 Clairemont Avenue
> Two Decatur Town Center, Suite 420
> Decatur, GA 30030

> /s/ John W. Harbin
> John W. Harbin